10-0690-cv
UBS Sec. LLC v. Voegeli

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand eleven.

PRESENT: DENNIS JACOBS,
                         Chief Judge,
          GUIDO CALABRESI,
          ROBERT D. SACK,
                         Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UBS SECURITIES, LLC,

          Plaintiff-Appellee,

          -v.-                                    10-0690-cv

FRIDOLIN VOEGELI, MARCEL GRUBENMANN,
HANS-FELIX VOEGELI, THOMAS BACHMANN,
FELIX SCHERRER, PRIMUS FELLMANN,
MARCO GEMMA, ERNESTO SURBECK,

          Defendants-Appellants.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**     Simon S. Kogan Esq.
                        Law Office of Simon Kogan
                        27 Weaver St.
                        Staten Island, NY 10312

**FOR APPELLEES:**      Robert J. Giuffra, Jr.
                        (Brent J. McIntosh, *on brief*)
                        Sullivan & Cromwell LLP
                        125 Broad St.
                        New York, NY 10004

Appeal from the grant of a declaratory judgment and permanent injunction by the United States District Court for the Southern District of New York (Cote, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's decision is **AFFIRMED.**

The Appellants ("Swiss Investors") appeal the district court's grant of a declaratory judgment that the Swiss Investors cannot compel Appellee ("UBS") to submit to arbitration on their security fraud claims. The Swiss Investors also appeal the district court's grant of a permanent injunction prohibiting them from pursuing these claims against UBS in arbitration. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's grant of a permanent injunction for abuse of discretion. Roach v. Morse, 440 F.3d 53, 56 (2d Cir. 2006). "A district court abuses its discretion in entering an injunction when it relies on clearly erroneous findings of fact or an error of law." Id. We review de novo a district court's determination of questions of law related to an injunction, including the issue of arbitrability. Am. Express Fin. Advisors Inc. v. Thorley, 147 F.3d 229, 231 (2d Cir. 1998); see also John Hancock Life Ins. Co. v. Wilson, 254 F.3d 48, 57 (2d Cir. 2001) ("We review do novo a district court's determination that the parties agreed to arbitrate a given dispute.").

To obtain a permanent injunction, a party must establish three things: (1) success on the merits; (2) the lack of an adequate remedy at law; and (3) irreparable harm if relief is not granted. Roach, 440 F.3d at 56.

2

"[A] party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002). Under the Financial Industry Regulatory Authority ("FINRA") Code, a member can be compelled to arbitrate under two circumstances only: (1) where arbitration is "[r]equired by a written agreement," or (2) where arbitration is "[r]equested by the customer." FINRA R. 12200. The district court correctly concluded that the Swiss Investors were not customers of UBS and had no contract with UBS that required arbitration. Therefore, the Swiss Investors have no right to compel UBS to arbitrate their claims, and UBS succeeds on the merits of its request for an injunction.

Being forced to arbitrate a claim one did not agree to arbitrate constitutes an irreparable harm for which there is no adequate remedy at law. Merrill Lynch Inv. Managers v. Optibase, Ltd., 337 F.3d 125, 129 (2d Cir. 2003) (per curiam). Because UBS is not legally obligated to arbitrate the Swiss Investors' claims, and the lack of an injunction would result in UBS effectively being required to do so, UBS satisfies the "irreparable harm" and "lack of adequate remedy at law" requirements for an injunction.

We hereby **AFFIRM** the district court's grant of a declaratory judgment and permanent injunction terminating the FINRA arbitration proceedings and prohibiting Appellants from attempting to compel Appellee to submit to arbitration on their claims against it.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK